UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2008 JUL -1 AM 11: 12 '08 MJ2000 |
| | ) | |
| Plaintiff, | ) | Magistrate Case No._____ |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | |
| | ) | Title 8, U.S.C., Section 1326 |
| Raymundo GUTIERREZ-Padilla | ) | Attempted Entry After |
| AKA: Raymond GUTIERREZ-Padilla | ) | Deportation |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned complainant being duly sworn states:

On or about **June 30, 2008**, within the Southern District of California, defendant **Raymundo GUTIERREZ-Padilla AKA: Raymond GUTIERREZ-Padilla**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **1st** DAY OF **July, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On June 30, 2008 at approximately 5:40 PM, **Raymundo GUTIERREZ-Padilla AKA: Raymond GUTIERREZ-Padilla (Defendant)**, made application for admission to the United States from Mexico at the **Otay Mesa Port of Entry** via the pedestrian primary lanes. Defendant presented a Permanent Resident Card (Form I-551) bearing the name Armando Filemon Ventura Hernandez to a Customs and Border Protection (CBP) Officer. The CBP Officer suspected Defendant was not the lawful owner of the I-551 and subsequently escorted Defendant to secondary for further inspection.

In secondary, Defendant's fingerprints were queried through the Integrated Automated Fingerprint Identification System (IAFIS) revealing Defendant's true identity and linking him to Immigration and FBI records. Queries through the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) indicate Defendant is a citizen of Mexico without legal documents to enter the United States. DACS indicates Defendant was ordered deported from the United States on or about April 29, 1991 and physically removed from the United States through the Nogales, Arizona Port of Entry on the same date. Immigration service records contain no evidence Defendant has applied for or received permission by the Attorney General or the Secretary of Homeland Security to legally re-enter the United States.